# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE A. TODIE,** | : | **CIVIL NO. 3:16-CV-0525** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| **RICHARD GARRISON, *et al.*,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a civil rights complaint filed by Eugene A. Todie ("plaintiff"), who at all times relevant was incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") and the Federal Correctional Institution at Schuylkill, Pennsylvania ("FCI-Schuylkill"). (Doc. 1.) Named as defendants are the following individuals employed by the Federal Bureau of Prisons ("BOP"): Richard Garrison ("Garrison"), J. Lyons ("Lyons"), Mary Ann McKimpson ("McKimpson"), David Brown ("Brown"), R. Ross ("Ross), R. Roces ("Roces"), Douglas Bullington ("Bullington"), R.W. Alexander ("Alexander II"), D.B. Kranzel, ("Kranzel"), Julie Nicklin ("Nicklin"), J.E. Krueger ("Krueger"), Correctional Officer Menne ("Menne"), Megan Ligenfelter ("Ligenfelter"), Ellen Mace-Leibson ("Mace-Leibson"), BOP Regional Director, J.L. Norwood ("Norwood"). (Doc. 1, p. 1). He also names the United States. (Id.)

Plaintiff seeks to proceed *in forma pauperis*.[1] (Doc. 2.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.     Standards of Review**

Section 1915(e)(2)(B) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that the action "(i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit."  28 U.S.C. §1915(e)(2)(B)(i) - (iii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d

---

[1] The screening procedures established by § 1915(e) apply to complaints filed by prisoners as well as to non-prisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Comm'n, 301 F.3d 227, 3231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (same).

1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

## II.     Allegations of the Complaint

In his first cause of action, plaintiff alleges that in August 2011, following a search of his cell, he noticed that his Yarmulke was missing.  (Doc. 1, ¶ 21).  Allegedly, defendant

Garrison threw it in the garbage, and, upon retrieving it, attempted to damage it. (Id. at 22, 23). Because he reported Garrison's conduct to a supervisor and defendant Nicklin, defendants Garrison, McKimpson, Lyons, Brown, and Ross allegedly engaged in retaliatory conduct in the forms of verbal harassment, confiscation of medication, interference with the distribution of meals and hygiene items, deprivation of personal property, and the issuance of false misconduct charges. (Id. at 26-34, 45).

In October 2011, he alleges that he "succumbed to a MRSA infection as a direct effect of unsanitary and inhumane conditions" and that he was denied adequate medical treatment by defendants Roces and Brown. (Id. at 35-37, 39-44, 48, 50). Neither defendant Kranzel nor Norwood responded to his complaints of staff misconduct. (Id. at 46).

He was released to a halfway house in Buffalo, New York on May 16, 2012. (Id. at 51). However, on or about July 13, 2012, he was returned to Allenwood allegedly "as a direct result of 'cutting in line at snack time'." (Id. at 57). He alleges that the MRSA infection returned on July 15, 2012, and that lack of treatment forced him to go on a hunger strike on or about July 19, 2012. (Id. at 59-70). He eventually "put an end to the hunger strike." (Id. at 70). He alleges that during the remainder of his time at FCI-Allenwood, defendants Garrison, Lyons, McKimpson, Brown, Ross, Roces, Bullington, Alexander II, Kranzel and Norwood deprived him, or conspired to deprive him, of his First, Fifth and Eighth Amendment rights. (Id. at 73-95).

In the second cause of action plaintiff alleges that "Post-Release Supervision (PSR)" personnel deprived him of First, Fifth and Eighth Amendment rights " by denying, depriving,

4

attempting to enjoin and punishing Plaintiff in the practice of his religious faith in July 2013. (Id. at 96-112).

His third cause of action arises out of his confinement at FCI-Schuylkill commencing August 2013. (Id. at 114). He alleges that he secured a horticulture job upon his intake and that defendant Menne removed him from that position and placed him in food service. (Id. at 121). He discussed his concerns regarding placement in the food service department with defendant Krueger. (Id. at 122). He remained assigned to food service despite an ongoing disagreement he was having with the food service department regarding the termination of his medical diet. (Id. at 122-124). He further alleges that on August 28, 2013, he was placed in the Special Housing Unit in retaliation for discussing his concerns about his medical diet with defendant Krueger. (Id. at 132). He allegedly was continually denied a calorie-adequate diet. (Id. at 132-3, 138, 147-49, 154). On December 21, 2013, he alleges that he received adequately portioned meals. (Id. at 150).

He alleges that shortly after his arrival, he contracted a skin infection and that he was denied medical treatment by defendants Ligenfelter and Mace-Leibson and other medical staff. (Id. at 134-35, 139, 142-44).

On August 28, 2013, he avers that while he was at work he was denied medical treatment for a lacerated hand by the head administrator of the food service department. (Id. at 125-26). Upon return to his cell, defendant Menne allegedly also denied him medical treatment for his injured hand. (Id. at 130).

On January 3, 2014, he again contracted MRSA. (Id. at 152). Subsequently, he went

5

on a hunger strike because medical staff allegedly ignored requests for antibiotics. (Id.). He was allegedly moved to a cleaner cell the following day and renounced his hunger strike. (Id. at 154). He alleges that, despite numerous requests, he was denied adequate medical care throughout January 2014. (Id. at 157-58, 160, 162-63). He also alleges that he was denied calorie adequate meals. (Id. at 159, 161, 165). On January 28, 2014, he was transferred from FCI-Schuylkill to a halfway house in Brooklyn, New York. (Id. at 166). His federal commitment expired on April 28, 2014. (Id. at 168).

In his fourth cause of action he alleges that "[a]s the direct and proximate result of the United States of America, by and though its agents, servants, employees, and Garrison, Lyons, McKimpson, Ross, Roces, Bullington, Allexander II, Kranzel, Nicklin, Krueger, Menne, Ligenfelter, Mace, Norwood and by others know to the United States of America, negligent and wonton [sic] derogation of Plaintiff's Constitutional liberties as more fully set forth above, Plaintiff was injured and suffered economic losses, together with a loss of liberty." (Id. at 172).

He alleges that he exhausted all available administrative remedies prior to filing suit. (Id. at 173). He lists thirty-five "pertinent avenues utilized" and also notes that he placed phone calls, pleas for assistance, and sent letters to various agencies and organizations. (Id.)

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

In screening a complaint pursuant to 28 U.S.C. § 1915, consideration may be given to whether the complaint is barred by the applicable statute of limitations.

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed. Appx. 563, 564–65 (3d Cir. 2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006) (citation omitted) (finding that a district court's screening authority under § 1915(e) "differentiates *in forma pauperis* suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte."*).

Smith v. Delaware County Court, 260 F. App'x. 454, 455 (3d Cir. 2008). A cause of action

accrues when a plaintiff knew or should have known that he was harmed. See Garvin v. City of Phila., 354 F.3d 215 (3d Cir. 2003).

Plaintiff filed his complaint on March 28, 2016. (Doc. 1). Therein, he sets forth a number of causes of action containing a multitude of claims alleging various constitutional violations, all of which occurred between the dates of August 2011, and January 28, 2014. It is clear from the allegations of the complaint, as well as the pursuit of various administrative remedies, that plaintiff was fully aware of the alleged violations and harms during this time frame. Further, he expressly admits in his complaint that he was aware of the alleged constitutional violations and any injuries at the time of occurrence. The limitations defense is evident from the face of the complaint in that the complaint was filed more than two years and two months after the dated of the final alleged constitutional wrong. Consequently, the claims are time-barred under the applicable two-year statute of limitations and the complaint is subject to dismissal.

## IV. Leave to Amend

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED. R. CIV. P. 15(a)(2). Affording plaintiff an opportunity to amend a patently untimely complaint would be futile.

## V. Conclusion

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).   An appropriate order will issue.

                                      **BY THE COURT:**

                                      **s/James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

Dated:   August 10, 2016